## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### Civil Action No.: 3:07-CV-24-FDW

| | | |
|---|---|---|
| **SANGAR LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **C.W. BEARING USA, INC. and** | ) | |
| **LIRONG HU,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER comes now before the court upon C.W. Bearing's motion to dismiss Plaintiff's second claim for relief (unfair and deceptive trade practices) pursuant to Federal Rule of Civil Procedure 12(b)(6).

The purpose of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may grant a motion to dismiss only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Nevertheless, "while [the court] must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts . . . [or]

unwarranted inferences, unreasonable conclusions, or arguments." Id.; see also Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged").

Plaintiff's complaint alleges that Plaintiff and Defendant were parties to an agreement, the initial Memorandum of Understanding, which agreement Defendant breached when it sent a letter of termination on September 8, 2004. Plaintiff responded to Defendant's September 8, 2004 letter with a revised Memorandum of Understanding on September 10, 2004. Plaintiff's key allegation for its claim of unfair and deceptive trade practices is that Defendant, through "recent discussions" with Plaintiff, led Plaintiff to believe that Defendant would agree to and sign the revised Memorandum of Understanding. In fact, Defendant never signed the agreement, but rather continued its relationship with Plaintiff per the terms of the September 8, 2004 letter. Plaintiff alleges that Defendant never intended to sign the revised Memorandum of Understanding and that this deception was an unfair and deceptive trade practice.

Defendant argues in its brief in support of its motion to dismiss that Plaintiff has failed to state a claim of unfair and deceptive trade practices because the complaint does not contain any egregious or aggravating circumstances. Specifically, Defendant argues that Plaintiff has alleged a mere breach of contract, which is, even if intentional, not an unfair or deceptive act under N.C. Gen. Stat. § 75-1.1. Norman v. Loomis Fargo & Co., 123 F. Supp. 2d 985, 989 (W.D.N.C. 2000) (citing Branch Banking and Trust Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992)).

Under North Carolina law, "[a] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers . . . [and] is deceptive if it has the capacity or tendency to deceive." Norman v. Loomis Fargo & Co., 123 F. Supp. 2d 985, 989 (W.D.N.C. 2000) (citing Marshall v. Miller, 276

S.E.2d 397, 403 (N.C. 1981)). "In order to state a claim for unfair and deceptive trade practices, the Plaintiff must plead 'substantial aggravating circumstances attending the breach [of contract] . . . .'" Id. (quoting Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998); see also Branch Banking and Trust Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992)). This Court agrees with Defendant that Plaintiff's references in paragraphs 30 and 31 of the complaint to "recent discussions" between Defendant and Plaintiff and Defendant's intention to not follow through on those discussions do not satisfy the pleading threshold of "substantial aggravating circumstances."

In Bartolomeo v. Thomas, Inc., 889 F.3d 530 (4th Cir. 1989), the Fourth Circuit had occasion to decide whether facts similar to those presented here rose to the level of unfair and deceptive trade practices under North Carolina law. In Bartolomeo, plaintiff distributor sued defendant manufacturer alleging that defendant had breached the parties' distributorship agreement by terminating plaintiff. Id. at 532. Plaintiff further claimed that defendant had engaged in unfair and deceptive trade practices when it gave plaintiff "repeated assurances" that the parties' "business would continue." Id. The district court granted summary judgment on the unfair and deceptive trade practices claim, and plaintiff appealed. The Fourth Circuit summarized plaintiff's argument, stating, "the core of [plaintiff's] claim here is that for a period of time . . . he was 'deceived' about the status of his distributorship." Id. at 534. The court ultimately held that neither these allegations, nor a number of other allegations that went to the underlying breach of contract claim, rose to the level of a violation of North Carolina's Unfair and Deceptive Trade Practices Act. Id. at 535-36. Of particular relevance to the instant case, the court stated: "[Plaintiff] will of course have the opportunity to pursue these claims as breaches of contract." Id. at 536. Consistent with Fourth Circuit and North Carolina case law, this Court finds as a matter of law that Plaintiff has failed to plead sufficient

aggravating circumstances to sustain a claim for unfair and deceptive trade practices.

The instant case is also similar to Bartolomeo in that it is at heart a contract dispute, not one sounding in tort. Therefore, this Court must be mindful of the Fourth Circuit's admonition that "[t]he distinction between tort and contract possesses more than mere theoretical significance. Parties contract partly to minimize their future risks. Importing tort law principles of punishment into contract undermines their ability to do so." Broussard, 155 F.3d at 347. The court went on to say that a district court should not allow a claim for unfair and deceptive trade practices to "piggyback on plaintiffs' breach of contract action" despite the fact that, "in a sense, unfairness inheres in every breach of contract where one of the parties is denied the advantage for which he contracted." Id. (quoting United Roasters, Inc. v. Colgate-Palmolive Co., 649 F.2d 985, 992 (4th Cir. 1981)). When boiled down, this case is a contract dispute, involving both the alleged breach of the initial Memorandum of Understanding between the parties, as well as the dispute over which subsequent terms—those of Defendant's September 8, 2004 letter or Plaintiff's September 10, 2004 letter—control the parties' dealings after the alleged initial breach. Either way, this case clearly involves a contract dispute, not one sounding in tort.

Accordingly, this Court concludes that Plaintiff's claim for unfair and deceptive trade practices is misplaced in what is, in fact, a contract dispute. Defendant's motion for partial summary judgment is therefore GRANTED.

IT IS SO ORDERED.

Signed: September 7, 2007

Frank D. Whitney
United States District Judge